## August Hodde *v.* The State.

1. Charge of the Court. — The jury must be left free to determine for themselves whether the evidence is capable of generating a satisfactory conclusion, and a charge which advises them on that subject invades their province. See in this case an instruction held to be a comment on the weight of circumstantial evidence, and erroneous.

2. Surprise — New Trial. — In his trial for murder, the defendant, being taken by surprise by material testimony of a new witness who had not been produced by the prosecution at two judicial investigations previously had, immediately procured process for a witness by whom he could contradict the new witness for the State, and at the proper stage of the subsequent proceedings made his sworn showing for a brief postponement until his witness could arrive or the process for him be returned. The postponement being refused, and the defendant convicted, he moved for a new trial on account of the surprise, verifying his allegations by his own affidavit and that of his witness, who had arrived after the jury had retired. *Held*, that the exigency was one within the purview of art. 568 of the Code of Criminal Procedure, which provides for a continuance or a postponement when, during a trial, some unexpected occurrence thwarts a fair trial. The postponement should have been allowed, and, that having been erroneously refused, the error should have been corrected by awarding a new trial.

3. PRACTICE. — Dispatch of business is a good thing, but a fair trial a better one.

4. EVIDENCE, to warrant a conviction, must show more than a mere probability or strong suspicion that the accused is guilty.

APPEAL from the District Court of Washington. Tried below before the Hon. A. S. BROADDUS.

The indictment charged the appellant with the murder of William Sprein, on July 8, 1879, by shooting him with a shot-gun.

On the 9th of June, 1879, the deceased was found dead in his field, having obviously been assassinated by a gun-shot wound which passed entirely through his body. His head also was injured by blows, and the appearances and circumstances concurred in showing that he had been killed the day previous. The evidence adduced by the State to inculpate the appellant was entirely circumstantial, and its significance largely depended upon tracing him to the vicinity of the assassination on the day it was perpetrated. To supply that proof in a positive manner, the State introduced the witness Shelin, referred to in the opinion. He testified that about nine o'clock in the forenoon of the day on which the murder was committed he saw the appellant at Sommers's gin, in the neighborhood of the field where the body was found. The defence immediately dispatched an officer with process for Sommers, the proprietor of the gin, who lived twelve miles in the country. Neither Sommers nor the officer appeared until the defence presented all its other testimony, and the defendant made a sworn showing for a short postponement until Sommers could arrive, alleging surprise at Shelin's testimony, as indicated in the second head-note. The postponement was refused, and the appellant found guilty of murder in the first degree. He moved for a new trial, and as one cause assigned the surprise and the refusal of the postponement. In support of his motion he filed his own affidavit, setting out the matter

in detail, and also the affidavit of Sommers, who swore that he would have testified that he was at his gin throughout the entire day of the murder, and that he positively knew that the appellant was not there on that day. The motion for a new trial was overruled, and a life-term in the penitentiary adjudged against the appellant, in accordance with the assessment of the jury.

*Shepard & Garrett,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

CLARK, J.    The judgment in this case must be reversed for several errors apparent in the proceedings below, each of which will be briefly indicated.

1. The charge of the court clearly invaded the province of the jury, and contains a paragraph which can be considered naught save a direct comment on the weight of the evidence. After a proper instruction to the jury upon the force of the conviction essential to be made upon their minds by testimony wholly circumstantial, before they would be authorized in law to convict, the learned judge added the following: "Circumstantial evidence, like all other evidence, should be examined with great care; but when the circumstances constituting the chain of evidence are properly and closely linked together, and are consistent with themselves and with the principal fact in issue, it is capable of leading the mind to very satisfactory conclusions." This may be almost axiomatic, and yet not proper to be incorporated in a charge; for the jury must be left to determine for themselves whether the evidence adduced before them "is capable of leading the mind to very satisfactory conclusions," without any advice from the court, which is especially to be condemned in a case like this, in which the inculpating facts were of so meagre a character as to fully justify a natural apprehension that the minds of the jury

were not likely to reach a satisfactory conclusion. The paragraph in question should have been omitted. *Stuckey* v. *The State,* 7 Texas Ct. App. 174 ; *Harrison* v. *The State, ante,* p. 183.

2. The contingency arising upon the testimony of the witness Shelin was fully provided for in the Code ; and in view of the showing made by appellant, the court should have granted him a reasonable time in which to produce the witness Sommers. Code Cr. Proc., art. 568. From the affidavit of said witness, appended to defendant's motion for a new trial, it appears that he was cited ( or subpœnaed ) to appear at the trial at eleven o'clock, by which time the jury had apparently retired for deliberation. A reasonable delay of an hour or two in the progress of a trial involving the life of a defendant, or his liberty for life, is trivial when taken in comparison with the graver issues at stake. Dispatch is to be commended in judicial proceedings, but never at the sacrifice of a full and fair investigation, by which the defence and the prosecution alike are afforded all reasonable means and opportunity for adducing all evidence on their respective sides which may tend to illustrate the very truth of the issue before the court. The absent testimony was material, and the court should have corrected its error when called to pass upon the motion for new trial.

3. In view of another trial, a discussion of the facts in evidence may with propriety be omitted, but we deem it not amiss to call to the attention of the court and the prosecution that principle of law which requires that there shall be evidence pertinently identifying the defendant with the transaction, beyond a mere probability or strong suspicion, before a jury is authorized to convict of a grave felony. It may be that on another trial the evidence may be of a perfectly satisfactory character, but, as presented in the record before us, a new trial should have been granted in the court below.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*